# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case Number 19-cr-20652

v.                                     Honorable David M. Lawson

JAMES LETKO, STEVEN KING,
RAMI LAZECKI, PATRICIA FLANNERY
and KATHERINE PETERSON

        Defendants.

## JAMES LETKO'S MOTION TO AMEND THE RELEASE CONDITIONS

Defendant James Letko, through counsel, respectfully requests that this Court amend the release conditions in order to allow him to bill Medicare for sales of goods by All American Medical Supplies under Medicare Part B that occurred prior to October 31, 2019. In support of this Motion, Defendant states that:

1.     Mr. Letko was charged in one count of a six-count indictment returned on September 26, 2019.

2.     At the arraignment hearing on October 1, 2019, Magistrate Judge Steven Whalen permitted Mr. Letko 30 days "to wind up his business," before a prohibition went into effect prohibiting Mr. Letko from causing billings to a federal health care program.

3.      Due to circumstances beyond his control, Mr. Letko was not able to submit approximately 2,809 claims to Medicare for approximately $129,436.22 in sales of goods that were completed prior to October 31, 2019.

4.      Pursuant to the local rules, Counsel for Defendant sought concurrence by the Government in this Motion but the Government did not consent to the relief requested.

WHERFORE, based on the foregoing and the attached Memorandum in support of this Motion, Defendant seeks an Order from this Court amending the conditions of release to allow him to submit claims for the 2,809 sales of goods by AAMS prior to October 31, 2019.

Respectfully submitted,

BUTZEL LONG

/s/ Theodore R. Eppel
Theodore R. Eppel (P81492)
George Donnini
41000 Woodward Stoneridge West
Bloomfield Hills, MI 48304
(248) 258-2905
E-mail: eppel@butzel.com

Dated: January 15, 2020          **Counsel for Defendant James Letko**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

          Plaintiff,                    Case Number 19-cr-20652

v.                                   Honorable David M. Lawson


JAMES LETKO, STEVEN KING,
RAMI LAZECKI, PATRICIA FLANNERY
and KATHERINE PETERSON

          Defendants.

---

## MEMORANDUM IN SUPPORT OF JAMES LETKO'S MOTION TO AMEND THE RELEASE CONDITIONS

## **ISSUE PRESENTED**

Whether Defendant James Letko's conditions of release should be amended to permit him to cause All American Medical Supplies Inc. to bill Medicare for the sales of goods under Medicare Part B that were completed prior to October 31, 2019.

## <u>CONTROLLING AUTHORITIES</u>

1.    18 U.S.C. § 3142(c)(1)(B)

2.    18 U.S.C. § 3142(c)(3)

3.    18 U.S.C. § 3145(a)

## **INTRODUCTION**

The Defendant, James Letko, requests that this Court amend the conditions of his release for the limited purpose of allowing his business, All American Medical Supplies, LLC. ("AAMS"), to submit approximately 2,809 claims for the sale of goods totaling approximately $129,436.22.   These claims are all from sales by AAMS that were completed prior to October 31, 2019, but they could not be billed prior to that date due to delays in the billing process that were beyond Mr. Letko's control.   AAMS sells durable medical equipment ("DME") products under Medicare Part B, which are not part of the indictment and which the Government acknowledges are not part of this case.   Mr. Letko needs the proceeds from the sales of these goods in order to support his family, to continue winding down his businesses and to pay for his legal defense as he prepares to defend himself in this case.

## **FACTUAL BACKGROUND**

James Letko and his wife, Patti, have five children, ages 10 to 22.   They have lived in the same home they purchased in 1997, long before any of the alleged conduct in this case.   Patti Letko stopped working as a nurse about ten years ago so that she could devote more of her time to home schooling their children and to take care of her ailing father.   Mr. Letko's salary from AAMS has been the primary method of support for the Letkos and their children, three of whom are minors still

4

living at home and one of whom is being supported while in college with tuition, room and boarding costs.

In 2011, Mr. Letko purchased All American Medical Supplies, LLC ("AAMS"), a Medicare Part B DME supplier.  AAMS supplies diabetic testing supplies and other DME goods under Medicare Part B.  As the Government has acknowledged in its Affidavit in Support of the Application for the Seizure Warrant ("Seizure Affidavit"), this case "involves Medicare Part D, prescription drug benefits," (Ex. 1, Seizure Affidavit, Para 23) and not the Medicare Part B side of the business that involved AAMS.

Mr. Letko was charged in one count of a six-count indictment returned on September 26, 2019.  Dkt. #1.  The indictment alleges that Mr. Letko and others were involved in a conspiracy involving Medicare Part D (not Part B) prescription benefits.  *Id*.  At the same time, the Government seized hundreds of thousands of dollars from various personal and corporate bank accounts owned by Mr. Letko and related corporate entities.  *See* Case No. 2:19-mc-51397-VAR.[1]

On October 1, 2019, Mr. Letko entered a plea of not guilty to Count One of the indictment before Magistrate Judge R. Steven Whalen.   At Mr. Letko's

---

[1] These seizures were in addition to the over $1.3 million that was seized by the Government from accounts owned by Mr. Letko's corporate entities in a civil forfeiture action in 2017.  *See* Case No. 2:17-cv-13199-GAD-SDD in the Eastern District of Michigan.  That case is currently stayed.

arraignment, the Government sought to have Mr. Letko be immediately prohibited from billing or causing to be billed anything to the Medicare program as a condition of his release.  Ex. 2, October 1 2019 Hearing Transcript at 3.  After a lengthy argument from the parties, Magistrate Judge Whalen ordered as a condition of release that Mr. Letko not engage in "direct or indirect government health care billing effective 30 days from 10/1/19." Dkt. # 13 at pg. 3.  *See also* Ex. 2 at pg. 30. Mr. Letko has attended all required court appearances and otherwise complied with all other conditions of release.

As explained more fully below, various obstacles prevented Mr. Letko from causing AAMS to submit all of the outstanding bills for goods sold prior to October 31, 2019 in accordance with the Order Setting Conditions of Release.  As a result, approximately 2,809 sales of DME goods made prior to October 31, 2019 and totaling $129,436.22 have yet to be billed under Medicare Part B.

## ARGUMENT

Billing for Medicare Part B sales can be complex and time consuming, even under the best of circumstances.[2]  In Mr. Letko's case, the already convoluted billing process was exacerbated by several events that resulted from his indictment in this case.  First, the indictment and the subsequent prohibition on billing government

---

[2] The Supplier Manual for DME Suppliers under Medicare in Region C is 452 pages long.  *See* https://www.cgsmedicare.com/jc/pubs/pdf/dme_jc_supplier_manual_winter2020full.pdf.  Billing under Medicare part B is divided into 4 regions (A, B, C & D).

health programs has caused Mr. Letko to wind down his various businesses and let his employees go making it more difficult to get bills submitted in a timely manner. Second, the government seized hundreds of thousands of dollars from a number of Mr. Letko's personal and corporate bank accounts.  *See* Case No. 2:19-mc-51397-VAR.  Concerned that Chase Bank may freeze or close the AAMS account, making it impossible to receive payments from claims submitted by AAMS, Mr. Letko opened a new bank account for AAMS with BB&T Bank on October 4, 2019.  Ex. 3, Letter from BB&T.[3]  In order to receive payments at the new corporate bank account with BB&T, AAMS was required to file CMS Form 588 in order to get authorization to receive payments via the required electronic funds transfer ("EFT").  *See* Ex. 4, Excerpt from DME Supplier Manual at pg. 5.  Moreover, AAMS was required to go through this EFT authorization process with each of the four Medicare billing regions.  Two of the four regions (Regions A & D) were not able to process the EFT forms prior to October 31, 2019, and, thus, most of the unbilled claims at issue here are from these two regions.[4]  Other unbilled claims include claims that were originally billed some time ago, but need to be rebilled due to procedural errors that are common in the billing process.

---

[3] Mr, Letko complied with the special condition of release that he notify Pretrial Services before opening any new bank accounts (Dkt. # 13 at pg. 3) before opening this account with BB&T. *See* Ex. 5, Correspondence with Pretrial Services.

[4] Backup data for each of the claims Mr. Letko seeks authorization to bill for is contained in a lengthy Excel spreadsheet that is too large to attach here.  This data has already been provided to the government and can be provided to the Court upon request.

As a result of these obstacles, AAMS has 2,809 outstanding invoices from the sale of DME goods under Medicare Part B totaling approximately $129,436.22.[5] Ex. 6, Summary of Unbilled Claims.  These invoices were all for the sales of goods prior to the billing prohibition that went into effect on October 31, 2019 and many of the unbilled claims were for sales completed before Mr. Letko was arraigned on October 1, 2019.

Under 18 U.S.C. § 3142 the Court has broad discretion to impose conditions of release on a defendant.  Specifically, under § 3142(c)(1)(B) the court shall order pretrial release of the defendant "subject to the *least restrictive* further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community…."  (emphasis added.)  Moreover, the court has the discretion to "at any time amend the order to impose additional or different conditions of release" under § 3142(c)(3).  *See also* 18 U.S.C. § 3145(a).

At the arraignment, the Government sought a special condition of release that Mr. Letko be immediately prohibited from directly or indirectly causing any new billings to Medicare.  Ex. 2, October 1, 2019 hearing transcript at 3.  After counsel for Mr. Letko objected, Magistrate Judge Whalen heard arguments from both parties

---

[5] Medicare typically pays only about 80% of the total amount claimed due to various offsets.

before deciding to give Mr. Letko thirty days "to wind up his business" before the billing prohibition went into effect. *Id*. at 30.

Mr. Letko respectfully submits that the billing prohibition sought by the government and ultimately imposed by Magistrate Judge Whalen was aimed at prohibiting *new* billings similar to those alleged to run afoul of the law in the indictment; that is, new billings of prescription medications under Medicare Part D.[6] The billings that are the subject of this motion are all billings for sales of diabetic supplies and other DME goods sold under Medicare Part D prior to October 31, 2019, and over one-third of the bills are for goods sold prior to the October 1, 2019 arraignment hearing. Thus, the claims that are the subject of this Motion are entirely within the spirit of the release conditions ordered by Magistrate Judge Whalen, but because of the procedural hurdles outlined above, they were not able to be submitted within the original thirty-day grace period. Mr. Letko needs the proceeds from these sales of goods in order to continue supporting his family, winding down his businesses and to pay for his legal defense as he prepares to fight the allegations against him in this case.

---

[6] At the arraignment hearing on October 1, 2019 the government conceded that their request that Mr. Letko be prohibited from causing billings to Medicare was not aimed at things that have already been billed, but rather with "additional billing to the Medicare Program." Ex. 2, October 1, 2019 hearing transcript at 27.

## **CONCLUSION**

In sum, Mr. Letko has adhered to the billing prohibition set by Magistrate Judge Whalen as well as all other conditions of release.  As a result of circumstances beyond his control, AAMS was not able to submit all of its outstanding claims within the thirty-day grace period established by Judge Whalen.  Mr. Letko respectfully requests this Court amend the conditions of release to allow him to cause AAMS to submit claims for the 2,809 outstanding invoices totaling approximately $129,436.22 for the sales of DME goods under Medicare Part B prior to October 31, 2019.

Respectfully submitted,

BUTZEL LONG

*/s/ Theodore R. Eppel*
Theodore R. Eppel (P81492)
George Donnini
41000 Woodward Stoneridge West
Bloomfield Hills, MI 48304
(248) 258-2905
E-mail: eppel@butzel.com
**Counsel for Defendant James Letko**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 15, 2019 I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to counsel of record.

<u>/s/ Theodore R. Eppel</u>
Counsel for Defendant James Letko

11