UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case Number 19-20652

v.                                                 Honorable David M. Lawson

JAMES LETKO, STEVEN KING,
RAMI LAZEKI, PATRICIA FLANNERY,
and KATHERINE PETERSON,

        Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION
## FOR USE OF JURY QUESTIONNAIRE

This matter is before the Court on a joint motion by all defendants for use of a jury questionnaire. The government filed a response indicating that it does not object to the defendants' request. The case involves charges that the defendants engaged in a long running scheme to submit fraudulent claims to Medicare through several pharmacies of which they were either principals or employees. In their motion, the defendants assert that use of the proposed questionnaire, which was attached as an exhibit, would expedite the process of gathering responses to questions about the ability of jurors to render an impartial verdict. The Court has reviewed the proposed questionnaire and the defendants' arguments for its use and finds that the defendants' right to an impartial jury adequately will be protected by conventional *voir dire* procedures. The motion therefore will be denied.

"Rule 24(a) of the Federal Rules of Criminal Procedure gives the court very broad discretion on the conduct of the *voir dire* examination of prospective jurors," the purpose of which is "to enable the parties to obtain an impartial jury." *United States v. Schmucker*, 815 F.2d 413, 421 (6th Cir. 1987) (quotations omitted). The Court has "broad discretion" and "great latitude" in

determining the procedure to be used for *voir dire*, so long as it "ensure[s] that the . . . defendants [have] a fair trial by a panel of impartial [and] indifferent jurors." *United States v. Phibbs*, 999 F.2d 1053, 1071 (6th Cir. 1993) (quotations omitted). "An individualized examination of the jury venire is not, however, required by the United States Constitution." *Id.* at 1071. Information calculated to allow the identification of sympathetic jurors also is not necessary to the assemblage of a fair-minded panel. *Ibid.* Although the use of written questionnaires has been approved by federal appellate courts, the notion that use of a questionnaire ever may be constitutionally required has been rejected. *United States v. Treacy*, 639 F.3d 32, 46 (2d Cir. 2011)

The Court has reviewed the defendants' proposed written questionnaire and finds that use of it "is not needed to compose a fair-minded jury." *Phibbs*, 999 F.2d at 1071. The proposed questionnaire asks routine questions that will be posed to the jury during *voir dire*, and there is nothing extraordinary about the fraud charges in this case that would be likely to compromise the defendants' right to a fair trial. Moreover, the Court's typical procedure of summoning jurors to the courthouse to complete the proposed questionnaire necessarily would involve an additional large gathering of potential jurors in advance of the summoning of the venire for trial, which would create serious risks for prospective jurors in the present circumstances, considering the ongoing global pandemic. Those risks would not be outweighed by any tangible improvement in the assessment of impartiality by the parties' counsel, compared with traditional *voir dire* questioning at the commencement of trial. The defendants have not identified any compelling grounds to justify the extra time, expense, and risk of such an exceptional measure.

Accordingly, it is **ORDERED** that the defendants' motion for use of a jury questionnaire (ECF No. 87) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON

- 3 -

                                    United States District Judge

Dated:   August 31, 2020