UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Case Number 19-20652

v.                                                 Honorable David M. Lawson

JAMES LETKO,

        Defendant.
_____/

## QUALIFIED PROTECTIVE ORDER

On August 10, 2021, the Court granted the defendant's renewed motion for issuance of subpoenas under Federal Rule of Criminal Procedure 17(c) to obtain documents in support of a defense that he intends to assert at trial. The defendant and non-party respondent Caremark, LLC have presented to the Court a request for entry of a qualified protective order to maintain the confidentiality of certain personally identifying information and other confidential information that may be contained in the materials responsive to the subpoena that was served on that respondent. The parties assert that it is impractical to redact the information from the documents without compromising the evidentiary value of the materials for the defense. The Court finds that the parties have shown good cause for entry of a protective order to maintain the confidentiality of the information in question.

Accordingly, under Federal Rule of Criminal Procedure Rule 16(d) and 45 C.F.R. § 164.512(e)(1), the following is **ORDERED**:

       1.      The parties and their attorneys in this case are hereby authorized to receive and transmit "protected health information" and "Confidential Information" pertaining to "covered entities" affected by this order, to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information relating to either: (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. For the purposes of this qualified protective order, "Confidential Information" shall mean all "protected health information" as well as materials that are required to be treated as confidential under statute or law.

4. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information and confidential information requested in the defendant's subpoenas issued pursuant to this Court's orders entered on August 10, 2021 and August 26, 2021 (collectively "Subpoenaed Protected Health Information" or "SPHI").

5. The parties to this litigation and their attorneys shall be permitted to use or disclose the Subpoenaed Protected Health Information and Confidential Information for purposes of defending this action, including any appeals of this case. This includes, but is not limited to, disclosure to the defendants' and the government's attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

6. Before disclosing SPHI to persons involved in this litigation, counsel shall inform each such person that SPHI may not be used or disclosed for any purpose other than this litigation.

Counsel shall take all other reasonable steps to ensure that persons receiving SPHI do not use or disclose such information for any purpose other than this litigation.

7. Within 45 days after the conclusion of the litigation, including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this order, shall return SPHI to the covered entity or destroy any and all copies of SPHI. Counsel need not return or destroy attorney work product that contains reasonable portions of SPHI.

8. Nothing in this order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process. Prior to requesting any mental health records, drug and alcohol treatment records, or HIV and AIDS-related information, the requesting party must seek leave of court.

9. All materials comprising SPHI that may be filed on the docket or used at trial must be redacted in compliance with section 205(3) of the E-Government Act of 2002, Pub. L. 107-347.

10. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal. *See* E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). With the exception of limited purpose filings allowed by Eastern District of Michigan Local Rule

5.3(b)(3)(A)(vi), no party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a motion to seal is granted, then the documents to be sealed may be separately electronically filed under seal.

11. Any party that anticipates filing any material that has been designated as Confidential Information must provide reasonable notice to the person designating the material as confidential of the proposed filing, so that the designating person will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. *See* E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph 10 and Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the designating person may file a motion in compliance with paragraph 10 and Local Rule 5.3. If the motion is denied, then the party separately may file the material, but not under seal.

12. This order shall not preclude any party from raising any objection that it may have to the discovery or use in evidence of any information disclosed in response to the defendant's subpoenas.

13. The parties' obligations under this order shall survive the termination of this case.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 5, 2021