

433 Hackensack Avenue, Suite 1002
Hackensack, New Jersey 07601
t: 201.441.9056
f: 201.441.9435
www.hdrbb.com

New York Office
800 Third Avenue, 28th Floor
New York, New York 10022
t: 212.344.4619

Short Hills Office
830 Morris Turnpike, 3rd Floor
Short Hills, New Jersey 07078
t: 973.467.1325

Rockland Office
2 Executive Boulevard, Suite 300
Suffern, New York 10901-8219
t: 845.357.7900

December 21, 2021

**VIA ECF**

Honorable David M. Lawson
United States District Judge
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 775
Detroit, MI 48226

      Re:   *United States of America v. James Letko, et al.*
              Case No. 2:19-CR-20652-DML-DRG

Dear Judge Lawson:

      This firm represents Defendant Katherine Peterson in the above-referenced matter. Ms. Peterson's pretrial motion for a transfer of her trial to the District of New Jersey (or the Eastern District of Pennsylvania) remains pending before the Court. Your Honor may recall that, following oral argument on the motion, the Court inquired whether I had an objection to the continuation of Ms. Peterson's matter in Michigan for purposes of discovery; I responded that Defendant did not have an objection to discovery being consolidated in Michigan, and that remains the case. However, as the current March 29, 2022 trial date approaches, counsel would like to inform the Court of new facts relevant to the Court's consideration and disposition of Defendant's pending motion.

      First, at the time Ms. Peterson's motion was filed, she was unemployed and, despite actively seeking employment, remained unemployed for an extended period. Three months ago, in September, she finally was able to obtain a part-time (four days per week) position as an administrative assistant with a financial consulting firm in Clinton, New Jersey, near her home. She is paid $16.00/hour and is not entitled to any paid time off. She remains the primary caregiver (and sole means of financial support) for her now six-year-old daughter. A trial in Michigan will almost certainly result in her losing her job (among the other childcare challenges set forth in her motion papers). A trial in New Jersey is less likely to result in her losing her job as at least she would be able to work on days the Court was not in session and avoid additional days off for travel to/from Michigan which, in any event, she cannot financially afford.

      Second, since in or about March 2020, counsel's wife has been ill with severe anxiety. The onset of the condition seems to correlate to the original COVID lockdown and imposition of related restrictions in New Jersey but remains little understood. She is under professional care and cannot be (and has not been) left alone for extended periods of time. Consequently, from a personal perspective, a trial in Detroit in March 2022 would be hugely problematic for counsel.

      In light of the two developments described above, it would be helpful to counsel and Defendant if the Court were to resolve Defendant's pending motion to transfer – *i.e.*, the question of whether Peterson's trial (not discovery) will be transferred to another district – with sufficient time to allow counsel (and Defendant) to attempt to make arrangements for a March 29, 2022 trial in Michigan in the event the motion is denied.

Honorable David M. Lawson
December 21, 2021
Page 2

        Thank you for your kind consideration of this request.

                                                   Respectfully yours,

                                                   Mark A. Berman

cc:      All Counsel of Record (via ECF)