UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
      Plaintiff,                               Case Number 19-cr-20652
v.                                              Honorable David M. Lawson

JAMES LETKO,
      Defendant.

**UNOPPOSED MOTION TO ADJOURN SENTENCING DATE**

      Defendant, James Letko, by and through his attorneys, Butzel Long, moves this Honorable Court for the entry of an Order adjourning his sentencing until after the trial of the codefendant Steven King, and in support of said motion, says as follows:

      1.      Mr. Letko has been released on bond since he was arraigned on October 1, 2019 without incident, and he has met all of the required bond conditions and reporting requirements since that date.

      2.      Mr. Letko entered a plea of guilty, and is awaiting sentencing, which is currently set for December 13, 2022.

      3.      Mr. Letko entered into a Cooperation Agreement with the Government, wherein the Government agreed to "either seek a downward departure at sentencing under U.S.S.G. §5Kl.1, or a reduction of sentence pursuant to Fed. R. Crim. P. 35," if Mr. Letko provides substantial assistance and otherwise abides by the terms of the Cooperation Agreement.

1

4. In furtherance of that Cooperation Agreement, and Mr. Letko's obligation to provide substantial assistance to the Government, he expects that he will be called to testify as a witness for the Government at the trial of co-defendant Steven King which is set for February 14, 2023.

5. In the interests of judicial economy, it is the defendant's position that it would be more efficient for the parties involved to address the nature and full extent of Mr. Letko's substantial assistance to the Government in a single sentencing hearing after the King trial, as opposed to having to address one phase of his assistance to the Government at the sentencing hearing, and then having the parties come back potentially a second time at a Rule 35 hearing to assess Mr. Letko's cooperation in preparing for and providing testimony during the King trial.

6. Moreover, under Sixth Circuit law, if Mr. Letko is sentenced before giving his testimony in Mr. King's trial, the Court would be foreclosed from considering the potential impact of that later testimony in imposing his sentence in the first instance. *See United States v. Recla*, 560 F.3d 539, 545 (6th Cir. 2009) (*citing United States v. Drown*, 942 F.2d 55, 59 (1st Cir.1991)) (finding "it is clear that sentencing courts cannot consider the potential for a future sentence reduction in imposing sentence.") While we do not doubt that the Court will be able to properly fashion whatever sentence it feels is just at the time of sentencing, and which would not run afoul of the same issue that befell the court in the *Recla* case,

it serves as a reminder that having two separate hearings, which are subject to different sets of rules, in order to address the totality of Mr. Letko's substantial assistance may cause unforeseen circumstances. Therefore, the interests of justice would best be served if his sentencing were delayed until after Mr. King's trial, so that the Court can have the benefit of all the relevant information regarding his cooperation, and can, on the basis of that, and all the other information about Ms. Letko's circumstances, impose the most fair and just sentence in the first instance.

7. In addition, while defendant has full confidence that the Government will abide by the Cooperation Agreement and will appropriately reward his substantial assistance by seeking a downward departure at sentencing under 5K1.1 and/or later move to reduce his sentence pursuant to Rule 35, we must note that that Mr. Letko would have no remedy available should he be sentenced before giving testimony at the King trial and the Government nonetheless chose not to bring a motion under Rule 35. Whether to bring a motion for a reduction of sentence based on substantial assistance to the Government under Rule 35(b) is purely at the Government's discretion. *See e.g.*, *U.S. v. Richardson*, 558 F.3d 680, 681 (7th Cir. 2009) (finding that the Court may not reduce a defendant's sentence for substantial assistance under Rule 35 absent a Motion filed by the Government.)

8. Whereas, at a sentencing, if the Government chooses not to seek a downward departure under 5K1.1, the defendant still has the ability to ask the Court

to recognize his cooperation efforts and reduce his sentence under 18 U.S.C. 3553. *See e.g.*, *Wade v. United States,* 504 U.S. 181, 185-86 (1992) (finding that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive," or "was not rationally related to any legitimate Government end."). Should his sentencing proceed prior to the King trial, Mr. Letko would lose that added layer of assurance that the full extent of his cooperation efforts will ultimately be recognized by the Court and appropriately factored into his sentence.

9. Lastly, given that the Court may ultimately impose a sentence of imprisonment for Mr. Letko at his sentencing hearing, and that he may be required to report to the Bureau of Prisons prior to his anticipated testimony in the King trial, defendant is concerned that he could later be subject to unduly burdensome conditions of confinement should he have to be transported by the Bureau of Prisons to prepare for and give his testimony at the King trial. Those conditions may well include shackling, extended travel, and confinement in jail-type facilities elsewhere in the district, as opposed to the minimum level prison camp facility that Mr. Letko would otherwise likely qualify to be placed in.

10.     Counsel has conferred with Assistant United States Attorney Shankar Ramamurthy, who has authorized him to represent that the government does not oppose the grant of relief herein sought.

Accordingly, defendant asks that the Court adjourn his sentencing until some date after Mr. King's trial.

**Respectfully Submitted,**

BUTZEL LONG, PC

By: */s/ Theodore R. Eppel*
George B. Donnini (P66793)
Theodore R. Eppel (P81492)
201 W. Big Beaver
Suite 1200
Troy, MI 48084
(248) 258-1616
donnini@butzel.com
eppel@butzel.com
Counsel for Defendant Letko

## CERTIFICATE OF SERVICE

I hereby certify that, on November 4, 2022, I caused to be served the foregoing on the Court and counsel of record through the Court's CM-ECF system.

*/s/ Theodore R. Eppel*
Theodore R. Eppel (P81492)

5