UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case Number 19-20652

v.                                               Honorable David M. Lawson

JAMES LETKO,

        Defendant.
_____/

**PRELIMINARY ORDER OF FORFEITURE**

On September 26, 2019, the defendant was charged along with four codefendants with healthcare fraud, 18 U.S.C. § 1347, and conspiracy to commit wire fraud and health care fraud, 18 U.S.C. § 1349. The charges arose from the defendant's conduct as principal of several pharmacies which allegedly obtained fraudulent reimbursements from the Medicare program for numerous mail order deliveries of medically unnecessary medications. The indictment included forfeiture allegations giving notice to the defendant that, among other things, upon his conviction of the offenses charged, the defendant would forfeit to the United States any property constituting proceeds from the alleged fraudulent activities. The indictment also provided notice that the government would seek a money judgment against the defendant in an amount exceeding $1.3 million. After the defendant entered his guilty plea, the government filed an unopposed application for entry of this preliminary order of forfeiture.

On August 23, 2022, the defendant pleaded guilty to Count One of the indictment alleging conspiracy to commit wire fraud and healthcare fraud. Based on the facts alleged in the indictment, the facts admitted by the defendant at the plea hearing, the stipulation entered by the parties, and other information in the record, and under 21 U.S.C. § 853(p)(2), and 18 U.S.C. § 982(a)(7), together with 28 U.S.C. § 2461, and Federal Rule of Criminal Procedure 32.2, the Court finds that

the government is entitled to entry of a forfeiture money judgment against the defendant in the amount of $21,732,950.81, and to forfeiture of the subject property listed below, which has a nexus to the offense of conviction and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c).

Accordingly, the following is **ORDERED**:

1. The following property will be **FORFEITED** to the United States under 18 U.S.C. § 982(a)(7), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c) at the time of sentencing:

   - $125,865.07 in funds from account number 1501736011 at Signature Bank, New York City, NY;
   - $97,539.03 in funds from account number 1501253045 at Signature Bank, New York City, NY;
   - $24,668.04 in funds from account number 1501955147 at Signature Bank, New York City, NY;
   - $421,259.26 in funds from account number 1501736003 at Signature Bank, New York City, NY;
   - $48,745.36 in funds from account number 1502533157 at Signature Bank, New York City, NY;
   - $713.75 in funds from account number 428-5598327 at TD Bank, Mount Laurel, NJ;
   - $378,554.65 in funds from account number 1502647349 at Signature Bank, New York City, NY;
   - $165,916.95 in funds from account number 428-5599424 at TD Bank, Mount Laurel, NJ;

- $19,184.95 in funds from account number 428-5598319 at TD Bank, Mount Laurel, NJ;

- $13,479.07 in funds from account number 1502647357 at Signature Bank, New York City, NY;

- $539.89 in funds seized from account number 800104795034 at Pinnacle Financial, Nashville, TN;

- $102,222.83 in funds from account number 1760026185 at Unity Bank, Clinton, NJ;

- $225,949.75 in funds from account number A49237943 at Northwestern Mutual, Milwaukee, WI;

- $200,000.00 in funds from account number 1390010285107 at Branch Banking & Trust Company Bank, Winston-Salem, NC;

- $88,918.90 in funds from account number 4285598319 at TD Bank, Mount Laurel, NJ;

- $140,779.76 in funds from E*TRADE account number 67475111 held in the names of James and Patricia Letko;

- $506,127.29 in funds seized from account number 378862863 at JP Morgan Chase, Detroit, MI;

- $14,097.96 in funds seized from account number 377385593 at JP Morgan Chase, Detroit, MI;

- $73,830.46 in funds seized from account number 378895962 at JP Morgan Chase, Detroit, MI;

- $22,074.54 in funds seized from account number 282033320 at JP Morgan Chase, Detroit, MI;

- $177,950.63 in funds seized from account number 378875873 at JP Morgan Chase, Detroit, MI;

- $91,785.79 in funds seized from account number 378882770 at JP Morgan Chase, Detroit, MI;

- $157,395.08 in funds seized from account number 378903253 at JP Morgan Chase, Detroit, MI;

- $67,687.67 in funds seized from bank account number 378889809 at JP Morgan Chase, Detroit, MI; and

- $85,409.68 in funds seized from account number 377385296 at JP Morgan Chase, Detroit, MI.

- $713.75 in funds from account number 428-5598327 at TD Bank, Mount Laurel, NJ;

- $378,554.65 in funds from account number 1502647349 at Signature Bank, New York City, NY;

- $19,184.95 in funds from account number: 428-5598319 at TD Bank, Mount Laurel, NJ; and

- $13,479.07 in funds from account number 1502647357 at Signature Bank, New York City, NY.

2. After final judgment, the government is authorized to dispose of the subject property according to law, and any right, title, or interest of the defendant, and any right, title, or

interest that his heirs, successors or assigns have, or may have, in any of the subject property is forever extinguished.

3. A forfeiture money judgment in the amount of $21,732,950.81 will be granted and entered against the defendant in favor of the United States of America, which represents the total value of the property subject to forfeiture for the offense of conviction in Count One of the indictment.

4. To satisfy the money judgment, any assets that the defendant has now, or may later acquire, may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2). After final judgment, the United States will be permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets under Federal Rule of Criminal Procedure 32.2(b)(3).

5. Upon entry of this preliminary order of forfeiture and under 21 U.S.C. § 853(n), Rule 32.2, and other applicable rules, the United States must publish notice of this preliminary order of forfeiture and of its intent to dispose of the subject property on www.forfeiture.gov for at least 30 consecutive days. The United States must also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the subject property. The aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in any of the subject property must file a petition with the Court within 30 days of the final date of publication of notice or within thirty days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the subject property. Any petition filed by a third party asserting an interest in any of the subject property must be signed by the petitioner under penalty of perjury and must set forth the nature

and extent of the petitioner's alleged right, title or interest in the identified subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the identified subject property, any additional facts supporting the petitioner's claim, and the relief sought.

6. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States and any claimant may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

7. If no third-party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this preliminary order of forfeiture shall become the final order of forfeiture and, upon entry of final judgment, the United States shall have clear title to the subject property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2). If a third party files a petition for ancillary hearing for any of the subject property, the Court may enter an amended order of forfeiture that addresses the disposition of the third-party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

8. After this preliminary order of forfeiture becomes the final order of forfeiture or after the Court enters an amended order of forfeiture that addresses the disposition of any third-party petitions, the United States shall have clear title to the subject property and shall be authorized to dispose of the subject property as prescribed by law.

9. The Court retains jurisdiction to enforce this order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: January 10, 2023