UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  Case Number 19-20652

v.                                      Honorable David M. Lawson

JAMES LETKO,

        Defendant.

_____/

### SECOND AMENDED PRELIMINARY ORDER OF FORFEITURE

On September 26, 2019, the defendant was charged along with four codefendants with healthcare fraud, 18 U.S.C. § 1347, and conspiracy to commit wire fraud and health care fraud, 18 U.S.C. § 1349. The charges arose from the defendant's conduct as principal of several pharmacies which allegedly obtained fraudulent reimbursements from the Medicare program for numerous mail order deliveries of medically unnecessary medications. The indictment included forfeiture allegations giving notice to the defendant that, among other things, upon his conviction of the offenses charged, the defendant would forfeit to the United States any property constituting proceeds from the alleged fraudulent activities. The indictment also provided notice that the government would seek a money judgment against the defendant in an amount exceeding $1.3 million. On August 23, 2022, the defendant pleaded guilty to Count One of the indictment alleging conspiracy to commit wire fraud and healthcare fraud. On January 10, 2023, the Court entered a preliminary order of forfeiture based on the parties' agreement that certain seized funds were subject to forfeiture and that the defendant consented to entry of a money judgment against him. The Court subsequently granted the government's unopposed application for entry of an amended order of forfeiture. The matter now is before the Court on the government's unopposed application for entry of a second amended preliminary order of forfeiture.

Based on the facts alleged in the indictment, the facts admitted by the defendant at the plea hearing, the stipulation entered by the parties, and other information in the record, and under 21 U.S.C. § 853(p)(2), and 18 U.S.C. § 982(a)(7), together with 28 U.S.C. § 2461, and Federal Rule of Criminal Procedure 32.2, the Court finds that the government is entitled to entry of a forfeiture money judgment against the defendant in the amount of $21,732,950.81, and to forfeiture of the subject property listed below, which has a nexus to the offense of conviction and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c).

Accordingly, the following is **ORDERED**:

1. The following property will be **FORFEITED** to the United States under 18 U.S.C. § 982(a)(7), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c) at the time of sentencing:

   - $713.75 in funds from account number 428-5598327 at TD Bank, Mount Laurel, NJ;

   - $378,554.65 in funds from account number 1502647349 at Signature Bank, New York City, NY;

   - $165,916.95 in funds from account number 428-5599424 at TD Bank, Mount Laurel, NJ;

   - $19,184.95 in funds from account number 428-5598319 at TD Bank, Mount Laurel, NJ;

   - $13,479.07 in funds from account number 1502647357 at Signature Bank, New York City, NY;

   - $539.89 in funds seized from account number 800104795034 at Pinnacle Financial, Nashville, TN;

- $102,222.83 in funds from account number 1760026185 at Unity Bank, Clinton, NJ;

- $226,486.48 in funds from account number A49237943 at Northwestern Mutual, Milwaukee, WI;

- $200,000.00 in funds from account number 1390010285107 at Branch Banking & Trust Company Bank, Winston-Salem, NC;

- $88,918.90 in funds from account number 4285598319 at TD Bank, Mount Laurel, NJ;

- $140,779.76 in funds from E*TRADE account number 67475111 held in the names of James and Patricia Letko;

- $506,127.29 in funds seized from account number 378862863 at JP Morgan Chase, Detroit, MI;

- $14,097.96 in funds seized from account number 377385593 at JP Morgan Chase, Detroit, MI;

- $73,830.46 in funds seized from account number 378895962 at JP Morgan Chase, Detroit, MI;

- $22,074.54 in funds seized from account number 282033320 at JP Morgan Chase, Detroit, MI;

- $177,950.63 in funds seized from account number 378875873 at JP Morgan Chase, Detroit, MI;

- $91,785.79 in funds seized from account number 378882770 at JP Morgan Chase, Detroit, MI;

- $157,395.08 in funds seized from account number 378903253 at JP Morgan Chase, Detroit, MI;

- $67,687.67 in funds seized from bank account number 378889809 at JP Morgan Chase, Detroit, MI;

- $85,409.68 in funds seized from account number 377385296 at JP Morgan Chase, Detroit, MI;

- $210,629.63 of the $421,259.26 in funds from account number 1501736003 at Signature Bank, New York City, NY; and

- $48,769.52 of the $97,539.03 in funds from account number 1501253045 at Signature Bank, New York City, NY.

2. After final judgment, the government is authorized to dispose of the subject property according to law, and any right, title, or interest of the defendant, and any right, title, or interest that his heirs, successors or assigns have, or may have, in any of the subject property is forever extinguished.

3. A forfeiture money judgment in the amount of $21,732,950.81 will be granted and entered against the defendant in favor of the United States of America, which represents the total value of the property subject to forfeiture for the offense of conviction in Count One of the indictment.

4. To satisfy the money judgment, any assets that the defendant has now, or may later acquire, may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2). After final judgment, the United States will be permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets under Federal Rule of Criminal Procedure 32.2(b)(3).

5. The following funds, less any debt owed to the United States, any agency of the United States, or any other debt which the United States is authorized to collect from the petitioner, including but not limited to, any debts that the United States may collect from the petitioner through the Treasury Offset Program, shall be **RETURNED** to petitioner Jon Letko:

- $125,865.07 in funds from account number 1501736011 at Signature Bank, New York City, NY;
- $24,668.04 in funds from account number 1501955147 at Signature Bank, New York City, NY;
- $48,745.36 in funds from account number 1502533157 at Signature Bank, New York City, NY;
- $210,629.63 of the $421,259.26 in funds from account number 1501736003 at Signature Bank, New York City, NY; and
- $48,769.51 of the $97,539.03 in funds from account number 1501253045 at Signature Bank, New York City, NY

6. Following entry of this Order by the Court, and after the petitioner's attorney has supplied the United States with the petitioner's Tax Identification Number and the Automated Clearing House information for electronic deposit of the returnable funds, the United States Marshals Service, or its delegate, shall disburse the returnable funds to the petitioner through the Electronic Payment System by electronic deposit into the IOLTA account of the petitioner's attorney.

7. After this preliminary order of forfeiture becomes the final order of forfeiture or after the Court enters an amended order of forfeiture that addresses the disposition of any other

third-party petitions, the United States shall have clear title to the subject property and shall be authorized to dispose of the subject property as prescribed by law.

       8.      The Court retains jurisdiction to enforce this order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   October 26, 2023